# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STACY HADDEN, | ) |
| Plaintiff, | ) Case No. 2:17-cv-02817-MMD-GWF |
| vs. | ) **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 1), filed on November 8, 2017.

## BACKGROUND

Plaintiff alleges a claim against the Social Security Administration (SSA). Plaintiff appears to challenge its denial of social security benefits. Plaintiff alleges that at all times relevant to this action, she was disabled as defined by the Social Security Act. Plaintiff claims that the Social Security Commissioner, initially and upon appeal, denied her social security benefits. Plaintiff now seeks judicial review of that decision.

## DISCUSSION

### I.  Application to Proceed *In Forma Pauperis*

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

. . .

**II.     Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To satisfy the screening requirements with respect to social security appeals, a plaintiff must set forth the following: (1) the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision; (2) the complaint must indicate the judicial district in which the plaintiff resides; (3) the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled; and (4) the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *Montoya v. Colvin*, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Soete v. Colvin*, 2013 WL 5947231, *2 (D. Nev. Nov. 4, 2013); *Pitcher v. Astrue*, 2012 WL 3780354, *1 (D. Nev. Aug. 30, 2012)).

Plaintiff's complaint is insufficient. Plaintiff does not allege that she exhausted her administrative remedies, timely commenced this case, or that she resides in this judicial district. Although Plaintiff discusses some of her medical conditions, she does not state the nature of her disability clearly or when it commenced. Further, Plaintiff does not provide any allegations as to why the Social Security Administration's determination denying her benefits is wrong. The

plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1-1) is **DISMISSED** with leave to amend. Plaintiff shall have until **December 29, 2017** to file an amended complaint correcting the noted deficiencies.

DATED this 21st day of November, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge