# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STACY HADDEN,

        Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

Case No. 2:17-cv-02817-MMD-GWF

**ORDER**

This matter is before the Court on the screening of Plaintiff's Amended Complaint (ECF No. 5), filed on December 14, 2017.

## BACKGROUND

The Court granted Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 1) on November 21, 2017. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and dismissed her Complaint with leave to amend. The Court set forth the requirements to sufficiently allege a social security appeal and instructed Plaintiff to correct noted deficiencies. *See* ECF No. 3.

Upon granting a request to proceed *in forma pauperis* and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that

would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To satisfy the screening requirements with respect to social security appeals, a plaintiff must set forth the following: (1) the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision; (2) the complaint must indicate the judicial district in which the plaintiff resides; (3) the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled; and (4) the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *Montoya v. Colvin*, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Soete v. Colvin*, 2013 WL 5947231, *2 (D. Nev. Nov. 4, 2013); *Pitcher v. Astrue*, 2012 WL 3780354, *1 (D. Nev. Aug. 30, 2012)).

Plaintiff does not sufficiently allege the foregoing requirements to maintain a social security appeal. Plaintiff does not allege that she exhausted her administrative remedies, that she timely commenced this case, or that she resides in this judicial district. Further, Plaintiff does not provide any allegations as to why the Social Security Administration's determination denying her benefits is wrong. Plaintiff must provide a short and plain statement identifying the basis of her disagreement with the Social Security Administration's determination and must make a showing that she is entitled to relief.

The Court will allow Plaintiff leave to amend to correct the noted deficiencies. If Plaintiff elects to proceed in this action by filing a second amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her second amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files a second

amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff is advised that litigation will not commence upon the filing of a second amended complaint.  Rather, the Court will need to conduct an additional screening of the second amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file a second amended complaint or fail to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have until **January 19, 2018** to file an amended complaint correcting the noted deficiencies.

DATED this 20th day of December, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge