UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STACY HADDEN,<br>　　　　　　　　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>　　　　　　　　　Defendant. | Case No. 2:17-cv-02817-MMD-GWF<br><br>**ORDER** |

This matter is before the Court on the screening of Plaintiff's Second Amended Complaint (ECF No. 7), filed on January 2, 2018.

**BACKGROUND**

The Court granted Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) on November 21, 2017. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and dismissed her Complaint with leave to amend. The Court set forth the requirements to sufficiently allege a social security appeal, instructed Plaintiff to correct noted deficiencies, and instructed her to file her Amended Complaint no later than December 29, 2017. *See* ECF No. 3. On December 14, 2017, Plaintiff filed her amended complaint (ECF No. 5). The Court screened Plaintiff's Amended Complaint and dismissed it with leave to amend. *See* ECF No. 6.

**DISCUSSION**

Upon granting a request to proceed *in forma pauperis* and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion

thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To satisfy the screening requirements with respect to social security appeals, a plaintiff must set forth the following: (1) the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision; (2) the complaint must indicate the judicial district in which the plaintiff resides; (3) the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled; and (4) the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *Montoya v. Colvin*, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Soete v. Colvin*, 2013 WL 5947231, *2 (D. Nev. Nov. 4, 2013); *Pitcher v. Astrue*, 2012 WL 3780354, *1 (D. Nev. Aug. 30, 2012)).

Plaintiff alleges a claim against the Social Security Administration (SSA), challenging its denial of disability insurance benefits. Plaintiff does not specify if she also applied for supplemental security income. She alleges that she was disabled. Plaintiff claims that the Social Security Commissioner, initially and upon reconsideration, denied her applications for disability insurance benefits. Plaintiff states that she requested review of the ALJ's decision with the Appeals Council, which was denied. Plaintiff now seeks judicial review of that final agency decision. Federal courts only have jurisdiction to conduct judicial review of the SSA's final decisions. *See* 42 U.S.C. § 405(g); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008); *see also Cilifano v. Sanders*, 430 U.S. 99, 107–09 (1977). Plaintiff appears to have fully exhausted

| | |
|---|---|
| 1 | her administrative remedies with the SSA. The Court will therefore allow Plaintiff's complaint |
| 2 | to proceed as a petition for judicial review of a final agency decision. Accordingly, |

      **IT IS ORDERED** that the Clerk of the Court shall file the Complaint (ECF No. 7).

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 899, San Francisco, California 94105, and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington DC 20530.

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the United States Attorney for the District of Nevada, and deliver the summons and Complaint to the U.S. Marshal for service.

      **IT IS FURTHER ORDERED** that Defendants shall have **sixty (60) days** from the date of service to file their answer or responsive pleading to Plaintiff's Complaint in this case.

      **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

      Dated this 23rd day of October, 2018.

                                                    _____
                                                      GEORGE FOLEY, JR.
                                                      UNITED STATES MAGISTRATE JUDGE